**Mark P. KOLBASOOK, Petitioner–Appellant,**

v.

**Joseph E. McCOY, Superintendent of Cayuga Correctional Facility and Glenn S. Goord, Commissioner of New York State Department of Corrections, Respondents–Appellees.**

No. 99–2286.

United States Court of Appeals, Second Circuit.

March 23, 2001.

Bruce R. Bryan, Esq., Syracuse, NY, for appellant.

Marlene O. Tuczinski, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York; Nancy A. Spiegel, Assistant Solicitor General, and Peter H. Schiff, Senior Counsel, on the brief, Albany, NY, for appellee.

Present CARDAMONE, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Mark Kolbasook pled guilty to one count of rape in the first degree and one count of burglary in the second degree. He was sentenced to 7–21 years for the rape count and 5–15 years for the burglary count, to be served concurrently.

He brings this habeas petition, alleging ineffective assistance of counsel because his attorney advised him not to accept an earlier plea offer from the government, and then later advised him to accept a second plea offer. He further alleges that this conduct by his attorney rendered his guilty plea unknowing, involuntary, or unintelligent.

We find no merit in Kolbasook's contentions. His attorney's advice to reject the first plea offer and later to accept the second plea offer was reasonable tactical advice, given the potential ambiguity of the evidence against Kolbasook at the time of the first plea offer and the overwhelming weight of the evidence against Kolbasook at the time of the second plea offer, after DNA results had confirmed Kolbasook as the rapist. *See Strickland v. Washington,*

466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."). His argument that these actions by his attorney made his guilty plea unknowing, involuntary, or unintelligent is similarly without merit. *See Hill v. Lockhart,* 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that where a defendant pleads guilty upon advice of counsel, he may attack the knowing and voluntary character of his plea only by showing that counsel's advice was outside the range of competence demanded of attorneys in criminal cases).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.